UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) | CASE NO. 15-sw-05746-KLM<br><br>**Filed Under Restriction** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under restriction from public access this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Verizon Wireless, a Cellular Service Provider located in Bedminster, NJ, to disclose certain records and other information pertaining to the cell phone number: 601-522-6507. The records and other information to be disclosed are described in Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Verizon Wireless is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Verizon Wireless to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating criminal activity involving drug trafficking. The investigation concerns possible violations of, inter alia, 21 U.S.C. § 841(a)(1) (Possession with intent to distribute and distribution of a controlled substance) and 21 U.S.C. § 846 (Conspiracy to possess with intent to distribute and to distribute a controlled substance).

5. On September 2, 2015, Martha Patricia MOTA and others were charged by indictment with conspiring, from December 8, 2013, until September 2, 2015, to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of Title 21, U.S.C., Section 846. MOTA also was charged with one count of distribution and possession with intent to distribute 500 grams or more of cocaine, in violation of Title 21, U.S.C., Section 841. A warrant was issued for MOTA's arrest, but she has not been located or arrested.

6. Database checks reveal that, as of September 5, 2015, Martha MOTA is using a new Facebook account under the name "Pat Mota." (MOTA's middle name is Patricia.)

Cellular telephone 601-522-6507 is associated with this Facebook account. The photograph displayed on this Facebook page match the physical description of Martha MOTA.

7. Database checks reveal that (601) 522-6507 is registered to Martin J. JORDAN. Database checks reveal that JORDAN and MOTA are "friends" on Facebook. Database checks reveal that since 2013, JORDAN and MOTA have a common address history in New Mexico and Texas.

REQUEST FOR ORDER

8. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to locate and arrest Martha MOTA. Accordingly, the United States requests that Verizon Wireless be directed to produce all items described in Part II of Attachment A to the proposed Order.

9. The United States further requests that the Order require Verizon Wireless not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id*. In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert Martha MOTA, and others who may be assisting her, to the ongoing

investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

      10.    The United States further requests that the Court order that this case, namely the application and any resulting order, be restricted from all public access until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to restrict these documents from public access because their premature disclosure may seriously jeopardize that investigation.

      Executed on September 23, 2015.

          Respectfully submitted,

          JOHN F. WALSH
          UNITED STATES ATTORNEY

          s/Barbara Skalla
          Assistant United States Attorney
          1225 17th St., Ste. 700
          Denver, CO 80202